Goetz Platzer LLP
One Penn Plaza, 31st Floor
New York, New York 10119
Telephone: 212-695-8100
Fax: 212-629-4013
By: Gary M. Kushner, Esq.

*Proposed Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
In re:                                                          :    Chapter 11
                                                                :
ALBANY EQUITY LLC,                                              :    Case No. _____
                                                                :
                         Debtor.                                :
                                                                :
----------------------------------------------------------------X

## DECLARATION OF ELDAD COHEN
## PURSUANT TO USBC-EDNY LOCAL BANKRUPTCY RULE 1007-4

I, Eldad Cohen, make this declaration under 28 U.S.C. § 1746:

1. I am the general manager of Albany Inn LLC ("Inn") and Albany Equity LLC ("Equity" and together with Inn, the "Debtors").

2. The purpose of this affidavit is to provide the information required by Local Bankruptcy Rule 1007-4.

3. Equity is the fee title owner of the real property and improvements located at 3 Watervliet Avenue Extension, Albany, New York (the "Property").

4. The Property was acquired by Equity by deed from Super Host Hotels Inc. ("Super Host") on March 27, 2020. Super Host presently holds a first mortgage against the Property which secures a mortgage loan in the approximate principal amount of $4,925.000.00.

1

5. The Property consists of a full-service hotel consisting of 217 rooms, a party hall, meeting rooms, and a bar and restaurant facility.

6. By agreement dated March 27, 2020, Equity leased the Property to Inn (the "Equity-Inn Lease").

7. Pursuant to the Equity-Inn Lease, Equity assigned to Inn the right to operate the hotel in return for a rental payment of $30,000 per month. Equity has no independent operations and merely holds title to the Property.

8. On March 27, 2020, Inn (as the hotel operator) signed a franchise agreement with Ramada Worldwide Inc. ("Ramada") ("Ramada Franchise Agreement").

9. Pursuant to the Ramada Franchise Agreement, Ramada provides transient guest lodging services including access to its valuable reservation system and use of Ramada's well-known branding and marks.

10. The hotel's operations have suffered in recent years because of a cash-flow problem stemming from its dealings with the Albany County Department of Social Services ("ACDSS").

11. During COVID, the ACDSS contracted with Inn to provide temporary lodging under an emergency shelter referral program at an agreed discounted per night rate.

12. Despite providing hundreds of rooms during the pandemic at the bequest of Albany County, receiving payment from ACDSS was a constant struggle.

13. To date, Inn alleges that the ACDSS owes in excess of $400,000.00 for rooms provided at the Property.

14. The ACDSS payment delinquencies created a significant cash flow problem for Inn, resulting in payment arrears on real estate taxes, utilities, and obligations to Ramada.

15. Importantly, the lack of cash hindered Inn's ability to comply with various payment and covenant obligations under the Ramada Franchise Agreement.

16. On December 16, 2024, Ramada issued a default letter to Inn claiming that the hotel had failed to meet system standards.

17. Despite various efforts to rectify the quality assurance issues cited by Ramada, Inn was unable to cure its default.

18. On June 23, 2025, Ramada issued a letter suspending Inn from use of the Ramada system including the reservation system that is the lifeline for new bookings.

19. Negotiations over the past month has not resulted in a change of Ramada's refusal to allow Inn use of its system.

20. Inn commenced this chapter 11 case to compel Ramada to reinstate the Inn's use of the reservation system pending further discussions with Ramada.

**Information Required by Local Rule 1007-4**

21. Pursuant to Local Rule 1007-4(a)(i), neither Inn nor Equity are small business debtors within the meaning of Bankruptcy Code § 101(51D).

22. Pursuant to Local Rule 1007-4(a)(ii), the nature of the Debtors' businesses and a statement of the circumstances leading to the filing under chapter 11 is provided above.

23. Local Rule 1007-4(a)(iii) does not apply to the Debtors because this case was not originally commenced under chapter 7, 12 or 13.

24. Local Rule 1007-4(a)(iv) does not apply to the Debtors because no committee was organized prior to an order for relief in the chapter 11 case.

25. Pursuant to Local Rule 1007-4(a)(v), Schedule 1 hereto lists the following information with respect to each of the holders of the Equity's 20 largest general unsecured

claims, excluding insiders: name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), telephone number, name(s) of person(s) familiar with the Debtors' account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured.

26. Pursuant to Local Rule 1007-4(a)(vi), Schedule 2 hereto provides the following information with respect to each of the holders of the Equity's 5 largest secured claims: name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), amount of the claim, a description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed.

27. Pursuant to Local Rule 1007-4(a)(vii), the Debtors are presently unable to provide a summary of their (unaudited) assets and liabilities.

28. Pursuant to Local Rule 1007-4(a)(viii), Schedule 3 hereto provides the following information: the number and classes of shares of stock, debentures, or other securities of the Debtors that are publicly held, and the number of record holders thereof, listing separately those held by each of the officers and directors and the amounts so held.

29. Local Rule 1007-4(a)(ix) does not apply to the Debtors because none of the Debtors' property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

30. Pursuant to Local Rule 1007-4(a)(x), Schedule 4 hereto provides a list of the premises owned, leased, or held under other arrangements from which the Debtors operates their business.

31. Pursuant to Local Rule 1007-4(a)(xi), Schedule 5 hereto provides the location of the Debtors' substantial assets, the location of its books and records, and the nature, location, and

value of any assets held by the Debtors outside the territorial limits of the United States.

32. Pursuant to Local Rule 1007-4(a)(xii), Schedule 6 hereto provides a list of the nature and present status of each action or proceeding, pending or threatened, against the Debtors or their property where a judgment against the Debtors or a seizure of its property may be imminent.

33. Pursuant to Local Rule 1007-4(a)(xiii), Schedule 7 hereto provides a list of the names of the individuals who comprise the Debtors' existing senior management, their tenure with the Debtor, and a brief summary of their relevant responsibilities and experience.

34. Pursuant to Local Rule 1007-4(a)(xiv), Schedule 8 hereto provides the estimated amount of weekly payroll to the Equity's employees (exclusive of officers, directors, stockholders, and partners) for the 30-day period following the filing of the chapter 11 petition, and, pursuant to Local Rule 1007-4(a)(xv)(A), for the 30-day period following the filing of the chapter 11 petition, the amount paid and proposed to be paid for services for the 30-day period following the filing of the chapter 11 petition to officers and directors.

35. Pursuant to Local Rule 1007-4(a)(xvi), Schedule 9 hereto provides a schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing.

Dated: New York, New York
      July 18, 2025

                                                /s/ *Eldad Cohen*
                                                  ELDAD COHEN

## Schedule 1
### (20 Largest Unsecured Creditors)

# (SEE ATTACHED SCHEDULE)

**Schedule 2**
**(5 Largest Secured Creditors)**

(SEE ATTACHED SCHEDULE)

**Schedule 3**
**(Equity Holders**

| Member | % of Membership |
|---|---|
| St. Albans Realty LLC | 100% |

## **Schedule 4**
## **(Premises Owned/Leased)**

3 Watervliet Avenue Extension, Albany, New York 12206

**Schedule 5**
**(Location of Assets)**

| | |
|---|---|
| Assets: | 3 Watervliet Avenue Extension, Albany, New York 12206 |
| Books-Records: | 120 Beach 3rd Street, Far Rockaway, New York 11691 |
| | PO Box 24, Westwood, MA 02090 |
| Assets located Outside of USA: | None |

## Schedule 6
### (Litigations, Arbitrations, Administrative Proceedings)

There are no pending litigations, arbitrations or administrative proceedings.

**Schedule 7**
**(Debtor's Senior Management)**

Manager:                           Eldad Cohen

## Schedule 8
## (Payroll Information)

No Payroll – Non-Operating Entity

## Schedule 9
## (30-Day Income/Expenses

**Income**

| | |
|---|---|
| Estimated 30-day cash receipts Room/hospitality: | $30,000.00 |
| Estimated 30-day cash receipt (executory contracts): | $6,000.00 |
| Total Cash Receipts | $36,000.00 |

**Expenses**

| | |
|---|---|
| Mortgage | $36,000.00 |